NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

v.

CHARLES C. LIU, XIN WANG a/k/a LISA WANG,

Defendants-Appellants,

and

PACIFIC PROTON THERAPY REGIONAL CENTER LLC; et al.,

Defendants.

No.    20-56374

D.C. No.
8:16-cv-00974-CJC-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted March 10, 2021[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WATFORD and OWENS, Circuit Judges, and PRESNELL,*** District Judge.

Charles Liu and Xin Wang (together, "Appellants") appeal the district court's entry of an asset freeze preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292(a)(1) and affirm the district court's decision.

This case involves a violation of Section 17(a)(2) of the Securities Act of 1933. Appellants raised approximately $27 million from Chinese investors to fund the construction of a California cancer treatment center. Early in the case, the district court entered a preliminary injunction that froze Appellants' assets pending final disposition. The district court later entered summary judgment for the SEC and found that Appellants misappropriated most of the money they raised. It ordered Appellants to disgorge the entire amount raised from investors less the amount remaining in the corporate accounts. Appellants appealed that decision— first to this court, which affirmed the judgment, and then to the Supreme Court. The Supreme Court vacated the district court's judgment, held that any disgorgement award must not exceed a wrongdoer's net profits, and remanded the case to this court. *See Liu v. SEC*, 140 S. Ct. 1936, 1940 (2020). We then remanded

---

*** The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

2

the case to the district court for proceedings consistent with the Supreme Court's opinion.

After remand, the district court continued the preliminary injunction that froze all of Appellants' assets pending its decision on the proper amount of net profits to disgorge and the extent of joint and several liability. Appellants now challenge that renewed asset freeze.

We review a district court's grant of a preliminary injunction for abuse of discretion. *Does 1-5 v. Chandler*, 83 F.3d 1150, 1152 (9th Cir. 1996). We must uphold a trial court's decision to grant a preliminary injunction "unless the court incorrectly applied the law, relied on clearly erroneous factual findings, or otherwise abused its discretion." *Id.* (citation omitted). To freeze a party's assets, the requesting party must establish the normal preliminary injunction elements: "1) irreparable injury, 2) probable success on the merits, 3) a balance of hardships that tips in the movant's favor, and 4) that a preliminary injunction is in the public interest." *F.T.C. v. Evans Prod. Co.*, 775 F.2d 1084, 1088 (9th Cir. 1985) (citation omitted).[1]

---

[1] Appellants challenge only the second prong—likelihood of success on the merits. The other prongs are clearly met under the circumstances of this case. Indeed, Appellants do not contest the district court's finding that if the freeze did not exist, they would expatriate their assets.

Appellants argue that the district court abused its discretion in granting the injunction because the SEC did not show a likelihood of success in proving that net profits exist. But the district court was not required to make that finding.[2] To obtain a preliminary injunction, a party must show "probable success on the merits" of the case, not its entitlement to a specific remedy.[3] *Id.* Here, the district court correctly found that the SEC is likely to prevail on the merits because liability had already been established as law of the case. Neither the Supreme Court nor this court disturbed the district court's finding that Appellants committed securities fraud. That is sufficient.

Appellants also contend that the district court should have calculated an amount of net profits disgorgement before entering the asset freeze. But asset

---

[2] Appellants similarly argue that the district court erred in not finding that the SEC is likely to prove that Appellants should be held jointly-and-severally liable for any net profits. Like with net profits, the district court was not required to make this granular finding of fact in order to issue the injunction.

[3] In their reply brief, Appellants claim that the SEC advocates for a standard that would require only "the mere 'possibility' that funds will be needed to satisfy any equitable remedies ordered" to obtain injunctive relief, which according to Appellants contradicts Supreme Court case law. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). But *Winter* required a showing that "*irreparable injury* is likely in the absence of an injunction." *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (emphasis added). It says nothing about likelihood of success on the merits. *Winter*, 555 U.S. at 24 (declining to address "the lower courts' holding that plaintiffs have also established a likelihood of success on the merits").

freezes "prevent a defendant from dissipating assets in order to preserve *the possibility* of equitable remedies." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1364 (9th Cir. 1988) (emphasis added). To require a party to show a reasonable likelihood of the *amount* of an equitable remedy to obtain an asset freeze would require showing a definitive entitlement to an equitable remedy and would run contrary to *Marcos*.[4] Any finding of an amount of equitable relief would be premature at this stage of the proceedings.

Appellants also argue that the district court lacked power to grant this preliminary injunction to secure a penalty. Generally, a district court lacks authority "to issue a preliminary injunction preventing the defendant from transferring assets in which no lien or equitable interest is claimed." *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 310, 333 (1999). However, that rule applies only to cases seeking *exclusively* legal damages. *Johnson*, 572 F.3d at 1083-84; *see also In re Focus Media, Inc.*, 387 F.3d 1077, 1084–85 (9th Cir. 2004). Here, the SEC seeks a disgorgement award, which is an equitable remedy, not a penalty. *Liu*, 140 S. Ct. at 1946 (rejecting proposition that "disgorgement is necessarily a penalty"). Although the SEC also seeks a monetary

---

[4] Regardless, there is clearly sufficient evidence in the record to establish the possibility that Appellants "earned" a substantial net profit from their fraudulent conduct.

penalty alongside disgorgement, that request does not strip the district court of its ability to enter an asset freeze pending final judgment. The district court's brief discussion of both civil penalties and disgorgement in its order continuing the freeze does not change this conclusion. If necessary, the district court can decide, in the first instance, whether any frozen assets that remain after satisfying a disgorgement judgment can be used to satisfy any monetary penalty.

Finally, Appellants challenge the scope of the injunction. They claim that the injunction is overbroad because it freezes all their assets, not just the net profits that Appellants obtained. While "[a]n overbroad injunction is an abuse of discretion," *Boardman v. Pacific Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016) (citation omitted), we see no basis in the record to alter the scope of the asset freeze. District courts enjoy "broad latitude" when determining the scope of an injunction. *High Sierra Hikers Ass'n v. Blackwell*, 390 F.3d 630, 641 (9th Cir. 2004) (citation omitted). Here, the district court did not breach that broad latitude, given Appellants' history of expatriating assets and their refusal to provide an accounting—or any other information—that would enable the district court to tailor a narrower freeze. And, as is the case with their second argument, adopting Appellants' position would require the district court to calculate an amount of disgorgement now, prior to any final judgment. Without that finding, it would be impossible to tailor this injunction solely to those assets that are net profits from

6

the use of investor funds, as Appellants request. But injunctions are merely "a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Nothing in our caselaw required the district court to make a finding as to the amount of equitable remedies prior to final judgment.

**AFFIRMED.**